Monty Timothy SCATES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17699.

United States Court of Appeals
Ninth Circuit.

May 18, 1962.

Hyman M. Greenstein, Stuart Cowan, Honolulu, Hawaii, for appellant.

Herman T. F. Lum, U. S. Atty., Yoshimi Hayashi, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM.

Appellant was indicted and convicted on two counts. The first charged him with stealing property of the United States (18 U.S.C. § 641), having a value in excess of $100.00; namely, seven cases of frozen meat. The second charged him with perjury with respect to his knowledge as to the origin of said seven cases of frozen meat, found in the automobile in which he was leaving the Navy Submarine Base in Honolulu, Hawaii, and how they came to be there. (18 U.S.C. § 1621.) Appellant was sentenced to two years on each count, but sentence on each count was suspended, provided defendant served thirty days time.

Appellant urges but two grounds on this appeal. One, that there was no proof of ownership of the meat by the United States at the time of the alleged theft, and two, "insufficiency of the evidence to sustain a verdict of guilty beyond a reasonable doubt."

Appellant urges upon us a statement of fact that omits substantial material evidence which weighs against his innocence.[1]

It is elemental law that on an appeal involving the insufficiency of the evidence to sustain the verdict (as both points here raised do) this court must take the view of the evidence most favorable to the government. Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

There was ample and sufficient evidence to convict defendant on each count. Finding no error, we affirm.

---

1. *For example, one:* The positive direct-evidence that Head, the individual who owned and was driving the automobile in which the seven cases of frozen meat were found, each stamped "Property of the United States," testified positively that Scates and he had planned the theft for a month or six weeks; that Scates was paid $50.00 to leave the locker padlock unlocked; that Scates took the necessary key to open the required locker, and carried "boxes" from the reefer to the bake shop; that Head brought his auto around to the platform, and "Scates opened the door and was bringing the meat out on the platform. He set it down and I put it in the car." (Tr. pp. 10–16; Tr. p. 17, lines 13–18.)

*Example two:* Salsbury, *a witness for the defendant,* testified "he could have said" to Mrs. Head that Scates and Head "had left * * * with some meat" on the night in question. (Tr. pp. 220–222.)

*Example three:* Early on November 24, 1960 (the day after the night the defendant was stopped leaving the Navy Submarine Base with the meat), Scates, according to Mrs. Head, stated to Head in her presence that "meat was at the receiving station, that everything was covered up at the galley." (Tr. pp. 48–49.)